IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD RAMOUS,

      Plaintiff,                No. 2:08cv1901 FCD JFM PS

      vs.

WARREN PROPERTIES, INC.,

      Defendants.          <u>FINDINGS & RECOMMENDATIONS</u>

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the instant case, plaintiff has failed to establish this court's jurisdiction over this action. Fed. R. Civ. P. 8(a)(1). Plaintiff bears the burden of establishing jurisdiction. See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979).

A federal court is a court of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. Baker v. Carr, 369 U.S. 186, 198, 82 S.Ct. 691 (1962). A federal claim

which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S.Ct. 1372, 1379-80 (1974); Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776 (1945).

Here, plaintiff seeks to invoke the court's federal question jurisdiction by claiming a violation of his civil rights.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

However, defendant, a corporation, does not act under color of state law.  Thus, plaintiff fails to state a cognizable civil rights claim against defendant.

Moreover, the facts alleged are based on violations of state law:  wrongful eviction and habitability issues.  It appears plaintiff claims the state court issued an order of eviction that was wrongful.

The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of state court judicial proceedings.  District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970) (lower federal courts possess no power to sit in direct review of state court decisions).  Review of such determinations may

only be obtained in the United States Supreme Court. Title 28 U.S.C. § 1257; Feldman, 460 U.S. at 476. "This [prohibition] applies even when the challenge to the state court decision involves federal constitutional issues." Worldwide Church of God v. McNair, 805 F.2d 888, 891 (citing Feldman, 460 U.S. at 482-86). "The rationale for this rule is that the state courts are as competent as federal courts to decide federal constitutional issues." McNair, 805 F.2d at 891 (citing Allen v. McCurry, 449 U.S. 90, 104 (1980) (nothing in the legislative history of 42 U.S.C. § 1983 supports the argument that a person claiming a federal right should have an unrestricted opportunity to relitigate in federal court issues already decided in state court; state courts have a constitutional obligation to uphold federal law)).

In addition, plaintiff's constitutional claims are "inextricably intertwined" with the state court's judicial determinations. See Feldman, 460 U.S. at 482-86; McNair, 805 F.2d at 891. Thus, this court could not evaluate plaintiff's constitutional claims without conducting a review of the state court's legal determinations. See Feldman, 460 U.S. at 482-86 & n.16 (when constitutional claims presented to the United States District Court are inextricably intertwined with the state court's decision the district court is being called upon to review the state court decision); McNair, 805 F.2d at 891.

Therefore, this court lacks subject matter jurisdiction over plaintiff's complaint. See Feldman, 460 U.S. at 486; Allen, 449 U.S. at 104; McNair, 805 F.2d at 893. Plaintiff must contest the eviction in the state court proceeding and may raise any constitutional challenge therein.

IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
3 F.2d 1153 (9th Cir. 1991).
4 DATED: September 8, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; ramous.56